**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MT. HAWLEY INSURANCE CO.,** | ) | **CASE NO.1:08CV1198** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **ADMIRAL INSURANCE CO.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Admiral Insurance Co.'s ("Admiral") Motion to Transfer Venue.  Before it examines the merits of the Motion to Transfer, the Court must first determine whether it should exercise its discretionary jurisdiction over this declaratory judgment action.

On May 14, 2008, Mt. Hawley Insurance Company ("Mt. Hawley") filed its Complaint for declaratory judgment asking the Court to find Plaintiff's insured is an additional insured of Defendant Admiral Insurance Company ("Admiral") and Admiral has primary coverage while Mt. Hawley's coverage is excess in a subrogation action filed in Iowa.

**FACTS**

1

Mt. Hawley is an Illinois corporation with its principal place of business in Illinois. Among its insured is Packers Sanitation Services, Inc. ("Packers"), an Ohio corporation. Packers entered into a contract with Iowa Turkey Products, Inc. ("Iowa Turkey") to provide cleaning services at an Iowa Turkey plant located in Iowa.  Packers entered into a cleaning contract with National Service Company of Iowa, Inc. ("National") whereby Packers subcontracted with National to provide cleaning services at the Iowa plant.  National is insured by Defendant Admiral.  On December 20, 2003, a fire broke out at the Iowa plant.  Regent Insurance Company, Iowa Turkey's insurer, paid the damages claim and subsequently brought a subrogation claim against Packers and National in the United States District Court for the Southern District of Iowa.  Regent claims Packers and/or National is responsible for the fire because Packers breached its contractual obligations to take certain safety precautions and further failed to properly instruct or supervise its employees.

In 2005, Plaintiff filed a declaratory judgment action against Packers in United States District Court for the Northern District of Ohio seeking a determination that Packers failed to comply with a condition precedent under the policy precluding any duty to defend or indemnify. That suit was dismissed and subsequently refiled in 2006. On February 4, 2008, pursuant to a joint motion by parties, the Court stayed the suit pending resolution of the underlying subrogation suit in Iowa district court.  That suit remains stayed as of the date of this opinion. Nearly three months after agreeing to stay its suit against Packers, Mt. Hawley filed this action for declaratory judgment.

## STANDARD OF REVIEW

### Declaratory Judgment

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. Nevertheless, the Supreme Court has reiterated the discretionary nature of the Act. In *Public Affairs Press v. Rickover*, 369 U.S. 111, 82 S. Ct. 580, 7 L. Ed. 2d 604 (1962), the highest court opined: "'The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.' *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494, 499 [62 S.Ct. 1173, 1177-78, 86 L.Ed. 1620 (1942)]." Put another way, the declaratory judgment statute "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Green v. Mansour*, 474 U.S. 64 at 72 (1985).

## LAW AND ANALYSIS

In this Circuit, declaratory judgments are favored when (1) the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and when (2) it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. *Grand Trunk W.R.R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323 at 325-326 (6th Cir. 1984). When examining whether to exercise its discretion to hear a declaratory judgment action a court must consider the following factors:

    (1) whether the declaratory action would settle the controversy;

    (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

>(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata;
>
>(4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
>
>(5) whether there is an alternative remedy which is better or more effective.

*Id.* at 326.

A court's "exercise of jurisdiction under the Declaratory Judgment Act ... is not mandatory." *U.S. Fire Insurance Co. v. Albex Aluminum,* 161 Fed. Appx. 562, 563 (6th Cir. 2006), (quoting *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.,* 373 F.3d 807, 812 (6th Cir.2004)).  The Supreme Court has held, "[a]lthough the District Court ha[s] jurisdiction of the suit under the Federal Declaratory Judgments Act, it [i]s under no compulsion to exercise that discretion." *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 494 (1942). Nor do district courts need to "point to exceptional circumstances in declining to exercise jurisdiction in a declaratory judgment suit." *Albex Aluminum,* 161 Fed. Appx. at 564.

District courts within the Sixth Circuit and the Sixth Circuit Court of Appeals have found that declining to exercise discretionary jurisdiction over declaratory judgment actions on insurance coverage is not an abuse of discretion but is, in fact, favored when it arises from an underlying suit in another court.  "Declining jurisdiction is always a sensible option to consider in declaratory judgment actions seeking an opinion on insurance coverage impacting litigation pending in another court, for although there is no *per se* rule prohibiting such actions in federal court, *see Allstate Ins. Co. v. Green,* 825 F.2d 1061, 1066 (6th Cir.1987), '[s]uch actions ... should normally be filed, if at all, in the court that has jurisdiction over the litigation giving rise to the indemnity problem.'" *Westfield Insurance Corp. v. Mainstream Capital Corp,* 366 F.

Supp.2d 519, 521 (E.D. Mich. 2005), *quoting Bituminous Cas. Corp.,* 373 F.3d at 812. However, in a recent decision, a panel of the Sixth Circuit acknowledged there are two lines of precedent within the Sixth Circuit when determining whether a court should exercise its discretion to hear a declaratory judgment action on indemnity issues. *Scottsdale Insurance Co., v. Flowers,* 513 F.3d 546 (6th Cir. 2008).

In the first line of cases, embodied by the Sixth Circuit opinion in *Travelers Indemnity Co., v. Bowling Green Professional Associates, PLC,* 495 F.3d 266 (6th Cir. 2007), the Sixth Circuit held it was an abuse of discretion for the district court to exercise discretion over a declaratory judgment action brought by an insurer to determine the issue of coverage when there is an underlying case pending. The Court reasoned, "Granting the declaratory relief sought by Evanston and Travelers settles the scope of the insurance coverage under the respective policies and clarifies their obligation to defend Bowling Green in the state court action, but it does nothing to 'clarify the legal relationship' between the other parties." *Id.* at 555. See also *Bituminous* at 812.

The second line of precedent is embodied in the Sixth Circuit case of *Northland Ins. Co. v. Stewart Title Guar. Co.,* 327 F.3d 448, 454 (6th Cir.2003). ("[W]hile the declaratory judgment would not end the dispute between Cailu and Stewart, it would settle the controversy regarding the scope of insurance coverage issued by Northland to Cailu, and whether Northland had a duty to defend the insureds.")

The Sixth Circuit in *Scottsdale* determined, "[t]he difference between these lines of cases appears to rest on the competing policy considerations of consolidating litigation into one court versus permitting a party to determine its legal obligations as quickly as possible. However, the

contrary results in these cases might also be explained by their different factual scenarios." *Scottsdale* at 555.  The *Scottsdale* court held it was not an abuse of discretion for the district court to hear a declaratory judgment action on a duty to indemnify claim.

The facts in the case before this Court do not fall neatly into either line of precedent but rather present unique considerations for the Court to address.  However, the Court believes the facts militate in favor of the *Travelers* line of cases rather than *Northland/Scottsdale*.  While *Scottsdale* and *Travelers* involved questions of insurance coverage between an insurer and its insured, the case before the Court involves a dispute between two insurers over primary coverage and whether one insurer's insured is an additional insured on the other's policy. Also, this case does not present a "quick resolution of legal obligations" public policy issue placing it in the *Scottsdale* line of cases.  The underlying subrogation claim was filed in Iowa district court in 2006, in which both Plaintiff's insured and Defendant's insured are named Defendants.  In 2005, Plaintiff filed a declaratory judgment action against its insured which is currently pending before another judge of the  United States District Court for the Northern District of Ohio. That suit was dismissed and subsequently refiled in 2006.  In 2008, Plaintiff and Defendant jointly moved that court for a stay of proceedings pending resolution of the underlying subrogation case in Iowa.  The parties stated in their joint motion to stay, "Counsel for all parties recognize that the proceedings in the Iowa subrogation case may affect the issues presented in the instant case. A defense verdict for Packers in the Iowa case, for example, would completely moot the issue of insurance indemnification."  *Mt. Hawley Insurance Co. v. Packers Sanitation Services, Inc., Ltd.,* No. 1:06CV2569 at ECF #29.   Plaintiff's own actions demonstrate there was no immediacy in resolving the dispute before the Court.  Therefore, under the facts of this case, there is no public

policy consideration of speedy resolution of a legal dispute that would place it in the *Northland/Scottsdale* line of cases.

Furthermore, Plaintiff argued in its motion to stay its declaratory judgment action filed prior to this suit, a defense verdict for Packers in the underlying subrogation suit in Iowa would render moot Mt. Hawley's duty to defend and duty to indemnify claims brought in its suit against its own insured.  The same reasoning applies to the claims brought before this Court.  The underlying subrogation suit which is scheduled for trial on November 3, 2008, would potentially render moot the issues before this Court, at least with respect to Plaintiff's indemnification issue, as would resolution of the declaratory action filed by Plaintiff before another judge of this court.  These facts clearly distinguish this case from the *Scottsdale* case and generally militate against the Court's exercise of its discretionary jurisdiction.

The Court now turns to the five factors found in *Grand Trunk supra*:

**1)** **Whether declaratory judgment would settle the controversy**

Plaintiff's Complaint asks the Court to declare Packers is an additional insured under Admiral's Policy with National; and declare Admiral's policy with National provides primary coverage to Packers while Plaintiff's policy provides excess coverage to Packers in the Iowa lawsuit.  The Complaint contends the subcontractor agreement between Packers and National contains a provision requiring National name Packers as an additional insured on its policy with Admiral.  Neither Packers nor National are Defendants in the declaratory judgment action before the Court.  In order for the Court to grant the relief requested by Plaintiff, the Court would have to consider and interpret an agreement between non-parties without the non-parties having an opportunity to challenge the interpretation.  Also, the subcontractor agreement between Packers

7

and National is an issue in the underlying subrogation suit in Iowa and would require the Court to inquire into matters presumably being developed in discovery in the Iowa suit, namely the terms of a contract between two companies who are not parties to the action before this Court. This could lead to conflicting decisions from two district courts.  Also, under the *Travelers* line of cases, any resolution of the duty to defend and indemnify does not resolve the controversy between the parties in the underlying subrogation suit.  Therefore, the Court finds the first factor would not resolve the controversy between the parties because it requires an interpretation of a contract between companies not parties to the suit, involves inquiry into discovery being developed or already developed in the underlying subrogation claim, and would not resolve the underlying controversy in the Iowa case.

**2**      **Whether declaratory judgment would clarify the legal relations**

Under the *Travelers* line of cases, resolution of the coverage issue would not clarify the legal relations at issue because the insureds, Packers and National, are not parties and would not be bound by the declaratory judgment and would not aid in resolving the legal relations between Packers and National as to liability in the underlying suit.  Unlike the *Scottsdale* line of cases, this Court cannot clarify the legal relations between the two insurers without interpreting the subcontractor agreement between two non-parties who will not be bound by the Court's determination.  See *Allstate Ins. v. Regalbuto,* Case No. 1:07CV486, 2007 WL 2286311, * 3 (N.D. Ohio Aug. 6, 2007). This case is further distinguishable from *Scottsdale* in that *Scottsdale* sought a declaratory judgment that it owed no duty to indemnify its own insured.  Here, the Court must determine which insurer has primary coverage for non-party insureds involved in a subrogation action in another court.  Because the relief sought is dependent on a contract

8

between non-parties, any declaration would be non-binding on those parties and would not clarify the legal relations in the underlying suit, allowing for duplicative litigation on the same issue by the insureds in the Iowa suit.

**3** **Whether the remedy sought is the result of procedural fencing or a race for res judicata.**

Because of the length of time between the filing of the underlying subrogation suit, the duty to defend or indemnify suit, its subsequent refiling, and this action, the Court finds there was no "race" for res judicata.  However, the Court finds Plaintiff's filing of a third claim for declaratory judgment, after Plaintiff motioned another judge in this district court to stay its previous declaratory judgment action on its duty to defend and indemnify because resolution of the underlying subrogation suit could render moot the claims before that court, evidences procedural fencing.  When resolution of either the underlying subrogation suit or the lack of notification suit would potentially render the claims before this Court moot, the Court finds this factor weighs against its exercise of discretionary jurisdiction.  Because of the discretionary nature of the Declaratory Judgment Act, this Court is under no obligation to bow to the tactical, piecemeal litigation Plaintiff has chosen to pursue.

**4** **Whether declaratory judgment would increase friction between state and federal courts and improperly encroach upon state court jurisdiction.**

This factor is not applicable because there is no underlying state court action.

**5)** **Whether there is a more effective or better alternative remedy**

This factor militates in favor of declining to exercise jurisdiction over the action.  First, Plaintiff has previously acknowledged in a prior declaratory judgment action that a resolution of

9

the underlying subrogation case may render moot its duty to defend and indemnify. The same logic applies in this case. Second, Plaintiff's Complaint before the Court requires interpretation of a contract between parties not present in this action but present in the underlying subrogation claim. The contractual relationship between those parties is an issue in the subrogation case. Finally, as a prior opinion from this district held, an indemnity action filed after the conclusion of the underlying subrogation case is a better alternative. *Regalbuto* at *3.

Therefore, for the foregoing reasons, the Court finds an analysis of the *Grand Trunk* factors weighs decidedly in favor of declining to exercise its discretionary jurisdiction to hear the case and the Court rules accordingly.

IT IS SO ORDERED.

       s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

November 3, 2008